# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BUILDER'S IRON, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0823** |
| **WESTERN SURETY COMPANY and SAFECO INSURANCE COMPANY OF AMERICA** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendants Western Surety Company and Safeco Insurance Company of America's (collectively, "Defendants") Motion to Dismiss, Alternatively to Stay Proceedings.[1] Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will deny the motion.

## I. Background

### *A. Factual Background*

This case arises from a dispute regarding a construction project, No. 57270-St. Mary's Academy Permanent High School Campus, located in New Orleans, Louisiana.[2] St. Mary's Academy of the Holy Family ("St. Mary's") entered into a construction contract on the project with a general contractor, Satterfield & Pontikes Construction Group, LLC ("S&P").[3] The funding for the project was provided by the Federal Emergency Management Agency ("FEMA"), with funds paid to the State of Louisiana through the Governor's Office of Homeland Security and Emergency

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1 at ¶ 6.

[3] *Id.* at ¶ 7; Rec. Doc. 21 at p. 3.

1

Preparedness ("GOHSEP"), which administers the funds and pays the applicant, here St. Mary's.[4]

For the project, Defendants, as sureties to S&P, issued a $31,800,000 payment bond, obligating themselves to pay S&P's debts with respect to work on the project.[5] During the course of the project, S&P entered into a $2,250,000 subcontract with Plaintiff, Builder's Iron, Inc. ("Builder's Iron") for Builder's Iron to provide and perform framing, decking, and other services and supplies for the project.[6] Builder's Iron alleges that it "fully and satisfactorily performed its scope of work under the terms of the Subcontract and in compliance with the Project's plans and specifications applicable to Builder's Iron's scope of work."[7] Builder's Iron also alleges that it timely submitted invoices to S&P throughout the course of the project but that $157,000 remains due and owing to Builder's Iron for work performed.[8] Builder's Iron has made amicable written demand on Defendants regarding the amount due.[9]

## B. Procedural Background

As a result of these events, on March 28, 2012, Builder's Iron filed suit against Defendants.[10]

---

[4] Rec. Doc. 8-1 at p. 2.

[5] Rec. Doc. 1 at ¶ 8; Rec. Doc. 1-1; Rec. Doc. 21 at pp. 3-4.

[6] Rec. Doc. 1 at ¶ 9; Rec. Doc. 21 at p. 4.

[7] Rec. Doc. 1 at ¶ 10; *see also* Rec. Doc. 21 at p. 4 ("The fact that Builder's Iron's work conformed to the requirements of the plans, specifications, and contract documents is evidenced by the fact that the Project was accepted as complete by the Owner. In fact, the Defendants herein do not allege or claim that Builder's Iron's work was incomplete or deficient in any way.").

[8] Rec. Doc. 1 at ¶¶ 11-12; *see also* Rec. Doc. 21 at pp. 4-5.

[9] Rec. Doc. 21 at p. 5.

[10] Rec. Doc. 1.

Builder's Iron brings claims on the Labor and Material Payment Bond under the provisions of the payment bond, the Louisiana Private Works Act,[11] and Louisiana law regarding sureties.[12] Builder's Iron has specifically stated that it "did not and has not sued S&P on or under the Builder's Iron Subcontract."[13]

Defendants filed the present Motion to Dismiss, Alternatively to Stay Proceedings on May 11, 2012,[14] in which they assert that this action should be stayed or dismissed due to improper venue, due to a pending state court action, or because this suit is premature due to specific provisions in the subcontract entered into between Builder's Iron and S&P. Builder's Iron filed its response in opposition on June 11, 2012.[15]

## II. Law and Analysis

### A. *Motion to Dismiss for Improper Venue*

Defendants argue that this Court should dismiss the present action because of a forum selection clause contained within the subcontract between S&P and Builder's Iron,[16] which requires any disputes to be litigated in Harris County, Texas.[17]

Under the Federal Rules of Civil Procedure, a party may move a court to dismiss an action

---

[11] La. R.S. § 9:4801, *et seq.*

[12] La. C.C. art. 3035, *et seq.*

[13] Rec. Doc. 21 at p. 5.

[14] Rec. Doc. 8.

[15] Rec. Doc. 21.

[16] Rec. Doc. 8-1 at p. 11.

[17] Subcontract Agreement, Rec. Doc. 8-3 at section 11(d)(ii).

3

for improper venue.[18] When an action has been filed in an improper district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[19] In deciding whether venue is proper, the court may look outside of the complaint and its attachments.[20] There exists a split within the Fifth Circuit regarding which party bears the burden of proof on a Rule 12(b)(3) motion to dismiss for improper venue,[21] but the burden of proof is clear when improper venue is asserted on the basis of a forum selection clause.[22] Forum selection clauses are generally enforceable under federal law, and a party resisting enforcement "bears a 'heavy burden of proof.'"[23] The presumption of enforceability "may be overcome, however, by a clear showing that the clause is 'unreasonable under the circumstances.'"[24]

Where a forum selection clause "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," the United States Supreme Court has held that the clause is unreasonable under the circumstances and should not be enforced.[25] Louisiana law specifically provides:

> . . . with respect to construction contracts, subcontracts, and purchase orders for public and private works projects, when one of the parties is domiciled in

---

[18] Fed. R. Civ. P. 12(b)(3).

[19] 28 U.S.C. § 1406(a).

[20] *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied,* 130 S.Ct. 1054 (2010).

[21] *See Ross v. Digioia*, No. 11-1827, 2012 WL 72703, at *2 (E.D. La. Jan. 10, 2012) (Vance, C.J.) (collecting cases).

[22] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008).

[23] *Id.* (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)).

[24] *Haynsworth*, 121 F.3d at 963 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

[25] *Bremen*, 407 U.S. at 15.

> Louisiana, and the work to be done and the equipment and materials to be supplied involve construction projects in this state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.[26]

The statute goes on to "declare[] null and void and unenforceable as against public policy any provision in a contract, subcontract, or purchase order" that "[r]equires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state."[27]

Here, the Builder's Iron subcontract purports to require Builder's Iron to file suit in Harris County, Texas:

> In the event that arbitration does not hold pursuant to the Subcontract for any reason, then Subcontractor agrees that the dispute will be resolved by courts of competent jurisdiction in Harris County, Texas.[28]

However, because the construction project is located within Louisiana and because one of the parties to the subcontract, S&P, is domiciled in Louisiana, the forum selection clause in the Builder's Iron subcontract, which would require litigation outside of Louisiana, is unenforceable as against the public policy of Louisiana, under both the Louisiana statute and by the application of Supreme Court case law regarding a forum selection clause in contravention of public policy.[29]

Additionally, the payment bond itself, under which the claims against the moving Defendants are brought, states:

> [n]o suit or action shall be commenced hereunder by any claimant . . . [o]ther than in state court of competent jurisdiction in and for the county or other

---

[26] La. R.S. § 9:2779A.

[27] La. R.S. § 9:2779B.

[28] Subcontract Agreement, Rec. Doc. 8-3 at section 11(d)(ii).

[29] *Bremen*, 407 U.S. at 15.

political subdivision of the state in which the Project, or any part thereof is situated or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.[30]

Builder's Iron has not attempted to provide any evidence that would meet the "heavy burden of proof" to demonstrate that *this* forum selection clause, requiring litigation within Orleans Parish or the Eastern District of Louisiana, is unenforceable. Furthermore, Louisiana courts have held that action brought on a lien under the Louisiana Private Works Act[31] "must proceed in a court having jurisdiction over the property, that is, in the parish where the land is situated."[32]

Accordingly, venue is proper in this District, and this Court need not and will not dismiss the present action because of the provision in the subcontract that would require suit to have been filed in Harris County, Texas.

### B. Motion to Dismiss or Alternatively to Stay

*1. Standard on Motion to Dismiss*

The Federal Rules of Civil Procedure provide that an action may be dismissed "for failure to state a claim upon which relief can be granted."[33] "Factual allegations must be enough to raise a right to relief above the speculative level"[34] and must contain "enough facts to state a claim to relief

---

[30] Labor and Material Payment Bond, Rec. Doc. 1-1 at p. 2.

[31] La. R.S. § 9:4801, *et seq.*

[32] *Gurtler, Herbert & Co. v. Marquette Cas. Co.*, 145 So.2d 145, 148 (La.App. 4 Cir. 1962).

[33] Fed. R. Civ. P. 12(b)(6).

[34] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

that is plausible on its face."[35]  A claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[36]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[37]  The court, however, should not look beyond the pleadings,[38] although exhibits are considered part of a pleading[39]; if the court does look beyond the pleadings and any attachments thereto, the Federal Rules of Civil Procedure generally require the court to "treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56."[40]  If the motion is converted to one for summary judgment, the Court must first provide the parties notice and then may consider the evidence.[41]

Though required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true.[42]  Similarly, "[t]hreadbare recitals of the elements of a cause of action,

---

[35] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

[36] *Twombly*, 550 U.S. at 570.

[37] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[38] *See* Fed R. Civ. P. 12(b); *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985).

[39] *Neville v. Am. Rep. Ins. Co.*, 912 F.2d 813, 814 n. 1 (5th Cir. 1990); *U.S. ex rel. Riley v. St. Luke's Episocopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

[40] *Carter v. Stanton*, 405 U.S. 669, 671 (1972).  There does exist a narrow exception to this rule, such that a court can consider documents attached to the motion to dismiss without converting the motion to one for summary judgment if the complaint referred to the documents and they are central to the plaintiff's claim.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

[41] *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003).

[42] *Ashcroft v. Iqbal*, 556 U.S. ___; 129 S.Ct. 1937, 1949-50 (2009).

supported by mere conclusory statements" will not suffice.[43] The complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[44] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[45]

*2. Standard on Motion to Stay*

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[46] nor is there a question that this authority includes the district court's wide discretion to grant a stay in a pending matter.[47] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[48]

In some circumstances, a federal court may stay or abstain from hearing a case due to the existence of parallel state court proceedings.[49] However, "[g]enerally . . . the pendency of an action

---

[43] *Id.* at 1949.

[44] *Id.*

[45] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007)).

[46] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[47] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[48] *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[49] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

in the state court is no bar to the proceedings concerning the same matter in the Federal court having jurisdiction."[50] Only under truly "exceptional circumstances" may federal courts stay a case out of deference to pending state court proceedings.[51]

3. Analysis

  a. Pending State Court Suit

In their motion, Defendants note the existence of a lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.[52] There, S&P filed suit against St. Mary's, against the State of Louisiana through GOHSEP, and against others for actions that allegedly arise out of the same facts as the instant suit.[53] Specifically, Defendants argue that the instant federal suit and the state suit seek payment for construction work performed by S&P and its subcontractors, including Builder's Iron.[54] On this basis, Defendants argue that a stay is appropriate here. Additionally, they argue that GOHSEP controls the FEMA grant funds but is not a party here, such that "[w]hether GOHSEP is considered an 'indispensable' party or only merely 'necessary,' it makes much more sense to resolve these issues in a forum in which all parties with an interest may

---

[50] *Id.* at 817.

[51] *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959); *see also Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492-93 (5th Cir. 2006); *Mahbod v. New York Life Ins. Co.*, No. 05-3266, 2006 WL 2513423 (E.D. La. Aug. 25, 2006) (Fallon, J.).

[52] Rec. Doc. 8-1 at p. 2.

[53] *Id.* Defendants state that the suit filed in the 19th JDC "seeks to force payment for the construction work, including the work performed by Builder's Iron, from either [St. Mary's] or GOHSEP." *Id.*

[54] *Id.* at p. 4.

9

participate" and that "[t]hat forum is the state court, not this honorable Federal Court."[55]

Despite Defendants' arguments that it is best for "all parties" if the issue is resolved by one court, rather than two,[56] as this Court has already noted, exceptional circumstances must be present before a court will stay a federal action on the basis of a pending state action. However, before the Court will even consider whether exceptional circumstances exist, the Court must first satisfy itself that the proceedings are parallel.[57] Proceedings are parallel when they involve the same parties and the same claims.[58]

Here, the parties to the two suits are disparate; GOHSEP and other parties who are included in the state suit, which is now pending elsewhere,[59] are not present here. Furthermore, there exists a question of whether the two suits even involve the same claims. Even when a case "involve[s] the same underlying episode and entail[s] significant overlapping proof," it may concern "independent wrongs."[60] The facts before this Court do not make it clear that the suits are, indeed, parallel. Given that a court's discretion is heavily weighted in favor of exercising jurisdiction, Defendants have not met their heavy burden to demonstrate that a stay is warranted here. As to Defendants' arguments regarding the absence of GOHSEP from this suit, such arguments cannot support a stay or dismissal on the basis of allegedly parallel litigation; if Defendants wish to argue that this case cannot proceed without GOHSEP, there are other, more proper options available to them.

---

[55] *Id.*

[56] *Id.*

[57] *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 353, 360 (5th Cir. 1990).

[58] *Am. Guarantee & Liab. Ins. Co. v. ANCO Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

[59] *See* Rec. Doc. 21 at p. 2.

[60] *Hartford*, 903 F.2d at 360.

Additionally, Defendants assert that the instant case should be stayed or dismissed on the basis of the state court suit because, they allege, Builder's Iron is bound by the outcome of the state court suit because of a purported clause contained within the dispute resolution procedures in the subcontract entered into between S&P and Builder's Iron. The Court will consider this argument within its consideration of the applicability of the subcontract's dispute resolution procedures.

### b. *Dispute Resolution Procedures in the Subcontract*

The moving Defendants argue that under the terms of the subcontract, Builder's Iron is bound by any decision in litigation between St. Mary's and S&P and/or that any claims between Builder's Iron and S&P must be submitted to mediation/arbitration. In support of this argument, Defendants point to the specific terms in the subcontract entered into between S&P and Builder's Iron. Defendants argue that because Builder's Iron has not followed the dispute resolution procedures set forth in the subcontract, this action is premature, Builder's Iron will be bound by the state court action, and this Court should dismiss or stay the present action given that "[a] motion to dismiss should be granted where a matter is premature."[61]

However, Defendants have provided no reason why this Court should look to the terms of the subcontract here, given that Builder's Iron has not sued under it. Instead, as Builder's Iron correctly points out,[62] it has only sued Defendants under the Louisiana Private Works Act[63] ("LPWA") and as provided for in the payment bond furnished by Defendants, which includes its own

---

[61] Rec. Doc. 8-1 at p. 3 (citing *Kraft Food Ingredients Corp. v. PCI Int'l Consultants, Inc.*, No. 07-1842, 2008 WL 4001184 (W.D. La. Aug. 27, 2008)).

[62] Rec. Doc. 21 at p. 2.

[63] La. R.S. § 9:4801, *et seq.*

11

dispute resolution provisions. Builder's Iron asserts that the Louisiana Private Works Act and the payment bond each have their own procedures, which Builder's Iron maintains that it has followed.[64] This Court finds that it is at least arguable that the terms of the subcontract do not control here, therefore it is not obvious that Builder's Iron's alleged failure to follow the dispute resolution procedures contained in the subcontract makes this action premature. Accordingly, relief is not too speculative and is plausible on its face. Furthermore, the subcontract was not included within the pleadings, so consideration of that document would require this Court to convert this motion to one for summary judgment. The Court declines to do so.

*c. Pay if Paid Clause*

Finally, Defendants assert that as sureties, they can assert any defenses that S&P would be entitled to assert.[65] Specifically, they argue that the instant action is premature because of a "pay if paid" clause in the subcontract that allegedly "provides that payment is only due to Builder's Iron after S&P has been paid in full by [St. Mary's] for Builder's Iron's work."[66]

Although sureties may generally assert the defenses that would be available to their principal, the Louisiana Supreme Court has specifically held that clauses requiring a contractor to pay its subcontractors only after the contractor has itself been paid "constitute[] terms relating to the time of payment."[67] Such clauses do not constitute suspensive conditions, such that general contractors

---

[64] Rec. Doc. 21 at p. 2.

[65] Rec. Doc. 8-1 at p. 5.

[66] *Id.* at p. 8.

[67] *Southern States Masonry, Inc. v. J.A. Jones Const. Co.*, 507 So.2d 198, 204 (La. 1987).

12

and their sureties *will* be held liable for full payment on the contract amounts due to subcontractors, even when the general contractor has not itself received payment.[68] "To allow the surety to assert as a defense that the owner has not made payments on the contract would defeat the statutory purpose [of the payment bond scheme] . . . ."[69] Therefore, in Louisiana, a surety is liable to a subcontractor even when the principal has not paid the general contractor, and the surety may not avoid this liability on the basis of a pay if paid clause.[70]

Accordingly, Defendants' "pay if paid" argument fails as contrary to the clearly articulated law that holds that a surety does not escape liability because the contractor has not been paid. Thus, the purported "pay if paid" clause will not defeat Builder's Iron's payment bond claim, and this suit is not premature on the basis of any such clause.

Because the Court has determined that Defendants may not succeed on a "pay if paid" clause defense, the Court need not consider Builder's Iron's alternative arguments that there is no "pay if paid" clause applicable here because it is overridden by the subcontract's payment clause or because "a reading of the subcontract as a whole makes it clear that receipt of payment by S&P is ***not*** a condition precedent to S&P's obligation to pay Builder's Iron,"[71] nor must the Court consider converting the motion to dismiss to a motion for summary judgment to allow it to consider the subcontract that was not contained within the pleadings in this case.

---

[68] *Id.*; *see also Pacific Lining Co. v. Algernon-Blair Constr. Co.*, 819 F.2d 602 (5th Cir. 1987).

[69] *Aesco Steel, Inc. v. J.A. Jones Constr. Co.*, 621 F.Supp. 1576, 1582 (E.D. La. 1985) (Schwartz, J.).

[70] *Id.* at 603.

[71] *See* Rec. Doc. 21 at pp. 2-3.

## IV. Conclusion

Having determined that venue is proper in this District, and having determined that neither dismissal nor a stay is warranted on the basis of the state court suit, that Builder's Iron's alleged failure to follow the dispute resolution procedures contained in the subcontract do not make it implausible that this action is already mature, and that a "pay if paid" clause within the subcontract would not defeat Builder's Iron's claims against Defendants,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Alternatively to Stay Proceedings[72] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  25th day of June, 2012.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[72] Rec. Doc. 9.